UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK
WESTERN DIVISION

**PAMELA KONAN**
*Plaintiff*

v.

**CHRISTOPHER B. KARR,
UBERGUARD INFORMATION
SECURITY CONSULTING, LLC,
and
ERIE INSURANCE COMPANY**
*Defendants*

Civil Action No. 17-cv-6163

## COMPLAINT WITH JURY DEMAND

1. Pamela Konan is a resident of Lancaster, Worcester County, Massachusetts.

2. Christopher B. Karr, resides at 91 Clinton Street, Avon, New York.

3. Uberguard Information Security Consulting, LLC, is a limited liability company organized under the laws of New York with an address of 185 North Water Street, Rochester, New York.

4. Erie Insurance Company is a company licensed to sell insurance in certain states, including New York, has a subsidiary located in Rochester, New York, and has a principal place of business at 100 Erie Insurance Place, Erie, Pennsylvania.

### Jurisdiction and Venue

5. Jurisdiction of this court is granted under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and the dispute is between citizens of different states; Plaintiff is a resident of Massachusetts, Defendants Karr and Uberguard are residents of New York, and Erie Insurance is a resident of Pennsylvania.

6. Venue is based upon 28 U.S.C. § 1391(b)(1).

## **General Allegations**

7. On or about July 26, 2013, Ms. Konan was injured in an automobile crash in Brookline Massachusetts.

8. Her vehicle was struck by a vehicle owned and operated by Mr. Karr.

9. Mr. Karr's vehicle was uninsured.

10. At the time of the crash, Mr. Karr was in the employ of Uberguard.

11. Mr. Karr, as part of his business trip for Uberguard, traveled from New York to Massachusetts, and was at fault for the automobile crash that injured Ms. Konan.

12. Uberguard was insured by Erie under a Comprehensive General Liability Policy at the time of the crash.

13. Uberguard was the named insured and Mr. Karr was an additional insured.

14. On August 24, 2015, suit was filed in the Worcester Superior Court by Ms. Konan, naming Mr. Karr and Uberguard as defendants, for the injuries she received in the crash.

15. Neither Mr. Karr nor Uberguard filed an answer to the complaint or otherwise defended.

16. On November 16, 2015, a default was entered against those defendants. (Exhibit 1)

17. On February 2, 2016, notice was sent to Erie Insurance Company of the default, the date of the assessment of damages hearing. A copy of the complaint was included with that notice. (Exhibit 2)

18. On February 23, 2016, a hearing on the entry of a default judgment and assessment of damages was held in the Worcester Superior Court. (Exhibit 3).

19. By letter dated February 17, 2016, Erie did acknowledge receipt of the notice for the February 23, 2016 hearing and the receipt of the complaint. (Exhibit 4).

20. Neither Mr. Karr, Uberguard nor a representative from Erie attended the February 23, 2016 hearing.

21. Eire did not request a continuance of the hearing.

22. Erie did not request the default to be vacated prior to or after the hearing.

23. Erie did not request additional information prior to or after the hearing.

24. Neither Mr. Karr nor Uberguard asked for a continuance of the hearing.

25. Neither Mr. Karr nor Uberguard sought a removal of the default.

26. The Superior Court issued a judgment against Uberguard and Mr. Karr in the amount of $212,567.80 on March 2, 2016 (exhibit 8).

## Count I
### Declaratory Judgment

27. The plaintiff incorporates by reference the allegations contained in this complaint.

28. Erie has denied Ms. Konan's claim for damages under the policy it issued to Uberguard.

29. Ms. Konan's judgment remains unpaid.

30. Ms. Konan requests that this Court determine and declare her rights under the Erie policy pursuant to 28 USC § 2201.

31. Ms. Konan requests that this Court determine the rights of Uberguard and Mr. Karr with regard to defense and indemnification under the Erie policy.

32. Uberguard had an insurance contract with Erie at all times relevant to this complaint.

33. The insurance contract was to provide coverage for, *inter alia*, its employees should they incur liability in an automobile crash while in the scope of their employment.

34. A complaint was brought against Mr. Karr, an employee of Uberguard at the time of his crash.

35. Mr. Karr was within the scope of his employment at the time of the crash.

36. Mr. Karr was traveling by automobile on a business at the time of the crash with a suspended driver's license and no automobile insurance.

37. A civil action was filed in the Worcester Superior Court over the injuries suffered by Ms. Konan as a result of Mr. Karr's actions while in the scope of his employment with Uberguard. (See exhibit 2)

38. The complaint alleged negligence by Mr. Karr in the operation of his automobile, negligent retention and supervision of Mr. Karr by Uberguard, negligence on the part of Uberguard for allowing Mr. Karr to travel on this business trip without a driver's license or automobile insurance, and *respondeat superior* claims.

39. The insurance contract provided coverage for the crash in this matter.

40. Erie should have paid Ms. Konan for her claim against both Mr. Karr and/or Uberguard on the various theories recited in the complaint.

41. The insurance contract between Uberguard and Erie promises that Erie will defend Uberguard for covered claims against it.

42. The insurance contract between Uberguard and Erie promises that Erie will indemnify Uberguard for covered claims against it.

43. These promises extend to Uberguard's employees for covered incidents.

44. The allegations within the complaint brought against Uberguard and Mr. Karr gave rise to Erie's duty to defend.

45. Erie failed to defend and is, therefore, in breach of its insurance contract.

46. The allegations within the complaint brought against Uberguard and Mr. Karr gave rise to Erie's duty to indemnify.

47. Erie failed to indemnify and is, therefore, in breach of its insurance contract.

Wherefore, the plaintiff seeks a judgment that

a. Erie owed a defense to this complaint to Uberguard and violated its contract when it failed to defend.
b. Erie owed an indemnification to Uberguard and violated its contract when it failed to indemnify.
c. Erie owed a defense to this complaint to Mr. Karr and violated its contract when it failed to defend.
d. Erie owed an indemnification to Mr. Karr and violated its contract when it failed to indemnify.
e. Erie Insurance Company's CGL policy covered the injuries and subsequent judgment against both Uberguard and Mr. Karr
f. Erie should pay the judgment, including post judgment interest to Ms. Konan

The plaintiff further seeks a judgment of compensatory damages in the amount of the Worcester Superior Court judgment plus interest, attorney's fees, costs and any other relief this Court deems just.

## Count II
## Reach and Apply

48. The plaintiff incorporates by reference the allegations contained in this complaint.

49. The Erie policy insured Uberguard for, among other things, injuries caused by its employees while in the scope of their employment.

50. Erie owes Mr. Karr and/or Uberguard indemnification for the judgment levied against them by Worcester Superior Court regarding Ms. Konan.

51. Uberguard and Mr. Karr are jointly and severally liable for that judgment to Ms. Konan.

52. Erie owes a debt to Ubergaurad and Mr. Karr for the amount of the judgment and ongoing post-judgment interest.

53. Ms. Konan seeks an order from the Court reaching that obligation of Erie, owed to Uberguard and/or Mr. Karr, and apply that obligation to the outstanding judgment.

Wherefore, the plaintiff seeks a judgment from this Court that Erie owes a debt to Uberguard and/or Mr. Karr, and that the debt will be applied to the outstanding Worcester Superior

Court judgment involving Pamela Konan, including interest, attorney's fees, costs and any other relief this Court deems just.

### Count III
### Breach of Contract

54. The plaintiff incorporates by reference the allegations contained in this complaint.

55. At all times relevant to this complaint, Uberguard was a New York limited liability company with a principal place of business in New York.

56. Pursuant to NY Insurance Law, § 3420, Ms. Konan stands in the shoes of Erie's insureds in bringing all claims against Erie.

57. Ms. Konan was a third-party beneficiary of this contract.

58. Erie failed to defend and failed to indemnify Mr. Karr and Uberguard in the underlying action, a breach of the insurance contract.

59. As a result of the breach of the insurance contract, Erie owes Mr. Karr and Uberguard contract damages in the amount of the Worcester Superior Court judgment.

Wherefore, the plaintiff seeks a judgment from this Court that:

g. Erie owed a defense to this complaint to Uberguard and violated its contract when it failed to defend.
h. Erie owed an indemnification to Uberguard and violated its contract when it failed to indemnify.
i. Erie owed a defense to this complaint to Mr. Karr and violated its contract when it failed to defend.
j. Erie owed an indemnification to Mr. Karr and violated its contract when it failed to indemnify.
k. The damages for the breach of contract is the amount of the underlying Worcester Superior Court judgment and on-going interest.

The plaintiff further seeks a judgment of contract damages in the amount of the Worcester Superior Court judgment plus interest, attorney's fees, costs and any other relief this Court deems just.

## Count IV
## Chapter 93A Claim

60. The plaintiff incorporates by reference the allegations contained in this complaint.

61. By letter dated August 31, 2016, Ms. Konan put Erie on notice of her claims for unfair and deceptive trade practices committed by Erie.

62. That letter alleged the unfair or deceptive acts or practices committed by Erie with regard to the improper denial of Ms. Konan's claim, pursuant the Massachusetts General Laws, chapter 93A, §§ 2 and 9.

63. Exhibit 5 to this complaint is a true and accurate copy of the Chapter 93A demand letter sent to Erie (and is incorporated by reference).

64. Exhibit 6 to this complaint is a true and accurate copy of the Chapter 93A response by Erie (and is incorporated by reference).

65. Erie failed to defend Mr. Karr and Uberguard.

66. Erie failed to indemnify Mr. Karr and Uberguard.

67. Erie received a copy of the complaint prior to the entry of the default judgment.

68. Erie did not seek a delay in the assessment of damages hearing.

69. Erie did not seek to have the default entry vacated.

70. Erie sent denial letters misrepresenting the so-called "personal leg" and "business leg" of Mr. Karr's business trip in order to deny coverage.

71. Erie denied the claim when it knew that the allegations in the complaint triggered its duty to defend.

72. Erie denied the claim without conducting a reasonable investigation into the facts and circumstances of the claim.

73. Erie knew that it had an obligation to pay the judgment and failed to do so without justification.

74. Erie was on notice of this claim in September 2013, approximately 2 months post collision, and acknowledged the notice by its letter dated November 11, 2013.  (Exhibit 7)

75. Erie committed unfair insurance claims practices in this matter.

76. The unfair insurance claims practices included violations of chapter 176D, §3(9), as outlined in the Chapter 93A demand letter.

77. Erie's response was not reasonable, and a further violation of Chapter 93A.

78. Erie's actions were knowing and/or willful, requiring doubling or tripling of damages, and attorney's fees and costs.

79. Erie's actions deprived Mr. Karr and Uberguard of a defense and indemnification.

80. Erie has failed to pay a valid claim.

Wherefore, the plaintiff seeks treble damages, attorney's fees, interest, costs and any other relief this Court deems just.

**The Plaintiff Demands a Trial by Jury**

*/s/ John J. McMaster*
John J. McMaster
McMaster Law Offices LLC
*Attorney for the Plaintiff*
9 Monroe Street
Northborough, MA 01532
John@JMcMasterlaw.com
(508) 393-9200